**Carl A. McMahan, Esq. (CSB# 108551)**
**McMAHAN LAW PC**
**11755 Wilshire Blvd. Suite 2370**
**Los Angeles, CA 90025**
**Telephone: (310) 479-8827**
**Facsimile: (310) 479-7226**
**Email: mail@cmcmahanlaw.com**

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT

COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z. T., a minor, by and through his Guardian ad Litem, Macy McCoy; MACY McCOY, an individual; DEMMARI THOMAS, an individual, ) ) ) ) | Case No.: |
| ) | |
| Plaintiffs, ) | **COMPLAINT** |
| ) | **DEMAND FOR JURY TRIAL** |
| v. ) | |
| ) | **1. MEDICAL/HOSPITAL NEGLIGENCE** |
| UNITED STATES OF AMERICA ) | **2. EMOTIONAL DISTRESS** |
| ) | |
| Defendants. ) | |
| ) | Trial Date: Not Yet Set |

Plaintiffs, Z.T., a minor by and through his Guardian ad Litem, MACY McCOY; MACY McCOY and DEMMARI THOMAS, individually and through their undersigned counsel sue the Defendant, UNITED STATES OF AMERICA and allege the following:

**JURISDICTIONAL ALLEGATIONS**

1. This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of Title 28 of the United States Code. This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code.

2. Pursuant to 28 U.S.C.A. §§ 2675 et seq., any and all administrative remedies have been exhausted prior to the bringing of this action, and the Plaintiffs have fully complied with the law.  Specifically, the Plaintiffs complied with 28 U.S.C.A. §§ 2675 et seq. by presenting, through certified mail, Standard Form 95 claims on July 8, 2025, under the Federal Torts Claims

- 1 -

Act ("FTCA") 28 U.S.C.A. §§ 1346(b), 2401(b), 2671-2680. On July 23, 2025, the United States Department of Health and Human Services ("DHHS") acknowledged receipt of the claim. More than six (6) months have elapsed since presentment of the claims, and the United States of America has neither issued a final written denial nor otherwise made a disposition of the claims. Under 28 U.S.C. § 2675(a), "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." Accordingly, by operation of law, Plaintiffs are entitled to deem the claims denied and to institute this civil action against the United States. This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1).

3. Prior to Plaintiffs presenting their claims, Plaintiffs commenced an action in the Fresno County Superior Court entitled, Z.T., et al. v. Adams, M.D., et al. case number 24CECG04644. After filing the Complaint, on or about April 23, 2025, Plaintiffs learned through service of the United States of America's Certification Regarding Scope of Employment that at the time of the incidents alleged in the complaint, both defendant, Clinica Sierra Vista and, defendant, Arthur E. Adams, M.D., were employees of the Public Health Service pursuant to 42 U.S.C. § 233 (g) and were acting as covered persons within the scope of their statutorily deemed federal employment as employees of the Public Health Service. The state court action is ongoing as against defendant Saint Agnes Medical Center Hospital, and Does 1 through 50, inclusive.

4. MACY McCOY and DEMMARI THOMAS are the natural parents of minor plaintiff, Z.T. The plaintiffs reside in the County of Fresno, which is within the jurisdiction of this court.

5. At all times relevant to this action, the acts and omissions mentioned herein occurred within the designation of the district, and all of the facts, acts, events and circumstances herein mentioned and described occurred in County of Fresno, California.

6. Defendant, United States of America, operates a health care facility known as CLINICA SIERRA VISTA, which has various facilities, including a facility located at 302 Fresno Street, Fresno, California 93706-3600 ("CLINIC"). Defendant, in operating the CLINIC,

holds itself out to the public to use that degree of care, skill, diligence, and attention used by clinics generally in the community in the care and treatment of patients. The CLINIC operated by Defendant United States of America employs, among others, doctors, nurses, interns, residents, student nurses, nurses' aides, and other clinic personnel over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

7.      Pursuant to 28 U.S.C.A. §§ 2671 et seq., CLINIC was a federally qualified health center and was a "federal agency" which acted as an instrumentality and/or agency of the United States of America. Therefore, all CLINIC employees, including Arthur E. Adams, M.D. ("DR. ADAMS") were employees of the Defendant, United States of America, and were acting within the course and scope of their employment when providing medical care and treatment to Plaintiffs.

8.      DR. ADAMS was a health care provider, practicing medicine as a medical doctor at CLINIC with privileges at CLINIC and was and is an employee of defendant United States of America and acting within the scope of his employment at all times relevant to the allegations in this Complaint. At all relevant times there existed between DR. ADAMS and Plaintiffs the relationship of physician-patient.

**GENERAL ALLEGATIONS**

9.      From February 2023 through October 26, 2023, Plaintiff MACY McCOY, received prenatal and obstetrical care at CLINIC for her pregnancy with minor plaintiff. CLINIC was negligent in the prenatal care of MACY McCOY in not informing her of the risks of shoulder dystocia due to maternal obesity and other risk factors, and not offering her a Cesarean section to avoid those risks.

10.      On or about October 26, 2023, MACY McCOY, then 28 years of age, was admitted to Saint Agnes Medical Center located at 1303 E. Herndon Avenue, Fresno, California 93720, at 40 6/7 weeks gestation. DR. ADAMS was the admitting, attending and delivering physician.

11.      On October 26, 2023, DR. ADAMS was working on the obstetrical service for Saint Agnes Medical Center as an employee of defendant United States of America.

- 3 -

12. On October 26, 2023, at approximately 1530 hours, DR. ADAMS delivered the fetal vertex of minor plaintiff Z.T. and encountered a right anterior shoulder dystocia. DR. ADAMS negligently failed to perform the maneuvers required by the standard of care to safely deliver Z.T. DR. ADAMS applied traumatic forces to the baby's head and neck which contributed to severe avulsions and ruptures throughout the brachial plexus. Z.T. required extensive nerve grafting and invasive surgery at the Shriners Hospital for Children by Mary Manske, M.D..

13. As a result of Defendant UNITES STATES OF AMERICA's negligence, minor plaintiff Z.T. suffered severe and permanent right brachial plexus paralysis, avulsions, and ruptures throughout the brachial plexus. MACY McCOY suffered severe emotional distress.

14. Minor Plaintiff's father, DEMMARI THOMAS, was present at the time of delivery and witnessed the traumatic birth of his son, who suffered through a shoulder dystocia delivery, which resulted in severe brachial plexus paralysis. This experience caused DEMMARI THOMAS to suffer extreme emotional distress.

## FIRST CAUSE OF ACTION

### Medical Negligence

**(Z.T., a minor by and through her Guardian ad Litem, MACY McCOY)**

15. Plaintiffs repeat and re-allege the foregoing paragraphs as though fully set forth herein.

16. At all times relevant Defendant UNITES STATES OF AMERICA owed Plaintiffs a duty to comply with the prevailing standards of care in providing prenatal care to MACY McCOY.

17. Defendant was so negligent in all phases of their diagnoses, care and treatment of Minor Plaintiff's mother during her prenatal course, that Minor Plaintiff and his mother were injured. Said negligence includes, but is not limited to, negligent prenatal care, mismanagement of prenatal care, and failure to offer and/or recommend Cesarean section delivery.

18. As a legal result of the negligence of defendant, minor plaintiff, Z.T., suffered permanent and severe right brachial plexus paralysis and emotional distress at time of birth. Z.T

as undergone an extensive nerve grafting surgery and has incurred and will in the future incur expenses for surgical care, medical care, nursing care, attendant care, rehabilitation, physical and occupational therapy, and other related expenses to his non-economic and economic damages in an amount according to proof.

19.    As a further legal result of the negligence of Defendant, minor plaintiff has lost earning capacity in an amount according to proof.

20.    As a direct and legal result of the defendant's negligence, MACY McCOY suffered  severe emotional distress and other related expenses to her non-economic and economic damages in an amount according to proof. DEMMARI THOMAS suffered extreme emotional distress.

## SECOND CAUSE OF ACTION

### EMOTIONAL DISTRESS

### [Plaintiffs Macy McCoy and Demmari Thomas]

21.    Plaintiff MACY McCOY repeats and realleges the foregoing paragraphs as if fully set forth herein.

22.    Plaintiff MACY McCOY is the mother of minor Plaintiff. She was a direct victim of the negligence of each and every Defendant herein.

23.    As a direct and proximate result of the injuries her baby sustained, Plaintiff MACY McCOY suffered, and will continue to suffer, emotional distress and damages as set forth in *Burgess v. Superior Court*.

24.    Pursuant to *Thing v. La Chusa*, Plaintiff, DEMMARI THOMAS, Z.T.'s father, is entitled to recover damages as he was in the delivery room and contemporaneously observed the injury-producing result to minor Plaintiff, Z.T., and as a result, suffered severe emotional distress (bystander liability)

WHEREAS Plaintiffs' request judgment against defendant UNITES STATES OF AMERICA as follows:

1.    General Damages in an amount according to proof;

2.    Economic Damages in an amount according to proof;

3.    Plaintiffs' costs of in this action; and

4.    Such other and further relief as the court may deem just and proper.

Dated: February 19, 2026                              **McMAHAN LAW PC**

By: _____
      CARL A. McMAHAN, ESQ.
      Attorney for Plaintiffs