UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Z.T., a minor, by and through his Guardian ad Litem; MACY McCOY, an individual; DEMMARI THOMAS, an individual,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:26-cv-01461-JLT-HBK

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT GUARDIAN AD LITEM

(Doc. 15)

TEN-DAY DEADLINE

Pending before the Court is the application of minor Plaintiff Z.T. to appoint his mother, Macy McCoy, as guardian ad litem. (Doc. 15). For the reasons below, the motion is denied without prejudice.

Federal Rule of Civil Procedure 17(c) authorizes a minor to sue or defend through a duly appointed representative. Further, the Court's Local Rules provide in pertinent part:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law; (2) a motion for the appointment of a guardian *ad litem* by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

> (c) Disclosure of Attorney's Interest. When the minor or

> incompetent person is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stand in any relationship to that party; and whether the attorney has received or expect to receive any compensation, from whom, and the amount.

E.D. Cal. L. R. 202 (a), (c).

The appointment of a guardian ad litem is not a mere formality. A guardian ad litem "is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). The guardian ad item's purpose is to safeguard the interests of the minor. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1185 (S.D. Fla*.), aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as guardian *ad litem*, there are situations where the best interests of the minor and the interests of the parent conflict. *Anthem Life Ins. Co. v. Olguin*, 2007 WL 1390672 at *2 (E.D. Cal. May 9, 2007).

The Court has reviewed the motion and Macy McCoy's supporting declaration, and does not find any apparent conflict of interest or any other factors that demonstrate appointment of Macy McCoy as guardian ad litem is not in the best interests of Z.T. Macy McCoy is Z.T.'s mother and he resides with her. Ms. McCoy is also a plaintiff in this action. (*See* Doc. 1; Doc 15).

However, the filing does not comply with Local Rule 202(c) because it does not disclose Z.T.'s attorney's interest and other details. Because this information is lacking, the instant motion will be denied without prejudice.

Accordingly, IT IS ORDERED:

1. Plaintiff's motion to appoint a guardian ad litem (Doc. 15) is DENIED without prejudice.

2. Within ten (10) days of this Order, Plaintiff shall file a revised motion that complies with Local Rule 202.

Dated: October 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE